UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM E. ROSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:25-cv-00260-JPH-MJD |
| ) | |
| STATE OF INDIANA, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER SCREENING COMPLAINT AND DIRECTING
FURTHER PROCEEDINGS**

Plaintiff William E. Ross is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). He filed this civil action alleging violations of his due process rights and violations of the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA"). Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

1

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The Court accepts Mr. Ross's factual allegations as true at the pleading stage but not his legal conclusions. *See Iqbal*, 556 U.S. at 678 ("we must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Twombly*, 550 U.S. at 555)).

The complaint names as defendants (1) the State of Indiana; (2) the Indiana Attorney General; (3) the Warden of Reception Diagnostic Center ("RDC"); (4) the Warden of Wabash Valley; (5) an unidentified "medical professional" at RDC; (6) an unidentified "medical professional" at Wabash Valley; (7) an unidentified "classification professional" at RDC; (8) an unidentified "classification professional" at Wabash Valley; (9) an unidentified "director of classification" at Wabash Valley; (10-11) two unidentified "law library professionals" at Wabash Valley; (12) an unidentified "grievance specialist" at Wabash Valley; and (13) an unidentified "grievance specialist supervisor" at Wabash Valley. Mr. Ross is seeking compensatory and punitive damages and injunctive relief.

Mr. Ross's complaint states that his right arm has been amputated below the elbow and that he has a prosthetic. Mr. Ross was incarcerated in the Reception Diagnostic Center from March 1 to April 1, 2024, after which he was transferred to Wabash Valley. Because of his disability, Mr. Ross requested an accommodation in the form of extra time in the law library in order to type legal documents. An accommodation was granted that allowed Mr. Ross "to be placed on two count letters for Law Library Services." Dkt. 1 at 5. This accommodation was in place between April and July 2024. In July 2024, Mr. Ross was given a job as a law library clerk.

In February 2025, Mr. Ross lost his law library job for at least 90 days. In March 2025, Mr. Ross again requested an accommodation "to be placed on two count letters for Law Library Services" in connection with a state court appeal he was pursuing. *Id.* Mr. Ross was told that no special accommodation would be provided and that a clerk could assist him, which Mr. Ross did not find acceptable. Mr. Ross grieved this issue, which was denied in April 2025.

Mr. Ross filed this action on June 5, 2025. He also filed a preliminary injunction motion, requesting that he be allowed "two count letters a week and four count letters a week for deadline filings" and also that he be provided with "a keyboard for upper extremity amputees." Dkt. 3 at 1.

The Court takes judicial notice of the docket of the Indiana Court of Appeals, which indicates that Mr. Ross unsuccessfully attempted to pursue four different appeals in 2025. First, in *Ross v. Gibson Law Office*, No. 24A-CT-02799, Mr. Ross's appeal was dismissed on February 4, 2025, because he was not

3

appealing a final judgment or appropriate interlocutory order. Second, in *Ross v. Gibson Law Office*, No. 25A-CT-00896, Mr. Ross's appeal was dismissed on July 18, 2025, because he did not timely file an appellant's brief. This was after the Court of Appeals had extended Mr. Ross's deadline to file a brief to June 23, 2025 (i.e., after Mr. Ross filed this action). Third, in *Ross v. State of Indiana*, No. 25A-PC-00349, Mr. Ross's appeal was dismissed on April 22, 2025, again because he was not appealing a final judgment or appropriate interlocutory order in his state post-conviction proceedings. Fourth, in *Ross v. State of Indiana*, No. 25A-PC-01732, Mr. Ross's appeal was dismissed, because it appeared a motion for relief from judgment in his state post-conviction proceeding was still pending.

### III. Discussion of Claims

Although a plaintiff need not plead legal theories in a complaint, see Fed. R. Civ. P. 8(a), Mr. Ross has identified the theories he wishes to use—violations of his due process rights and his statutory rights under the ADA and RA. Where a pro se litigant has expressly stated the legal theory or theories he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Office of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606-07 (7th Cir. 2009)). Thus, the Court analyzes Mr. Ross's claims only under the theories he has identified.

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

First, it is unclear how Mr. Ross believes his constitutional due process rights have been violated. It may be that he believes his accommodation requests and/or related grievances about them were not adequately or appropriately processed. Although the Prison Litigation Reform Act requires the exhaustion of remedy before an inmate may file suit, the Seventh Circuit has "specifically denounc[ed] a Fourteenth Amendment substantive due process right to an inmate grievance procedure." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011). The Court cannot perceive any other possible basis for a due process claim based on the facts Mr. Ross has alleged. Any due process claims against any defendant **are dismissed**.

Second, any statutory claims against the individual defendants are dismissed. Employees of the Indiana Department of Correction ("IDOC") are not amenable to suit in their individual capacity under the RA or the ADA. *See Jaros v. Ill. Dept. of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012) (citing 29 U.S.C. § 794(b); 42 U.S.C. § 12131; *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004); *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) (collecting authority)). Accordingly, the ADA and Rehabilitation Act claims against the individual defendants in their individual capacities **are dismissed**.

Third, the ADA claims are dismissed. The relief provided by the ADA and RA are coextensive and a plaintiff suing under both statutes may have only one

recovery. *Jaros*, 684 F.3d at 671 (citing *Duran v. Town of Cicero, Ill.*, 653 F.3d 632, 639 (7th Cir. 2011) (plaintiffs may have but one recovery); *Calero–Cerezo v. United States Dep't of Justice*, 355 F.3d 6, 11 n. 1 (1st Cir. 2004) (dismissal of ADA claim had no effect on scope of remedy because RA claim remained)). In addition, "the analysis governing each statute is the same except that the Rehabilitation Act includes as an additional element the receipt of federal funds, which all states accept for their prisons." *Id.* For these reasons the ADA claims **are dismissed**. *Id.*

Fourth, by accepting federal funds for its prisons, Indiana has waived sovereign immunity from suits for damages under the RA. *See, e.g.*, *Jaros*, 684 F.3d 667, 672 (7th Cir. 2012); *Stanley v. Litscher*, 213 F.3d 340, 344 (7th Cir. 2000). Such claims ordinarily would proceed against the IDOC as the state agency overseeing prison operations in Indiana. *See Jaros*, 684 F.3d at fn.2. Mr. Ross has not explicitly named the IDOC as a defendant in this action. He has, however, named the State of Indiana directly. The Court concludes, in the interests of justice, that the IDOC should be substituted as a party defendant in place of the State of Indiana, and that Mr. Ross's claim for damages under the RA **shall proceed** against the IDOC only.[1] Additionally, the Court concludes that Mr. Ross's claim for injunctive relief **shall proceed** against the Wabash Valley

---

[1] Any official capacity claims for damages against any other defendants would be duplicative of this claim and need not proceed. Mr. Ross also has failed to identify any individual defendant by name, which is disfavored in the Seventh Circuit. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997). The Court takes judicial notice, however, that Frank Vanihel is the current warden of Wabash Valley. It also is unclear how any of Mr. Ross's claims against RDC officials could proceed, as none of his current claims arise from the time he was there.

6

Warden, Frank Vanihel, in his official capacity only, as the person most directly responsible for purposes of carrying out any injunctive relief that might be ordered.

The claims which shall proceed are the following: RA claims for damages against the IDOC and for injunctive relief against Warden Vanihel in his official capacity only. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through November 24, 2025,** in which to file a motion to reconsider the screening order.

### IV. Conclusion and Service of Process

The **clerk is directed** to substitute the Indiana Department of Correction in place of the State of Indiana, and to add Frank Vanihel as the Warden of Wabash Valley Correctional Facility, as defendants on the docket.

The **clerk is directed** to terminate Attorney General, Warden of the Reception Diagnostic Center, Medical Professionals 1 and 2, Classification Professionals 1 and 2, Director of Classification, Law Library Professionals 1 and 2, Grievance Specialist, and Grievance Specialist Supervisor as defendants on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Indiana Department of Correction and Warden Frank Vanihel in the manner specified by Rule 4(d). Process shall consist of the complaint filed on June 5, 2025, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction and Warden Vanihel electronically.

Defendants are **ORDERED** to respond to Mr. Ross's preliminary injunction motion at docket 3 when they answer the complaint.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 10/28/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Electronic service to Indiana Department of Correction and employee:
    Warden Frank Vanihel
    (At Wabash Valley Correctional Facility)

WILLIAM E. ROSS
863230
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838