UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

WILLIAM E. ROSS,                          )
                                          )
                    Plaintiff,            )
                                          )
          v.                              )    No. 2:25-cv-00260-JPH-MJD
                                          )
INDIANA DEPARTMENT OF                     )
CORRECTIONS,                              )
FRANK VANIHEL Warden of Wabash            )
Valley Correctional Facility,            )
                                          )
                    Defendants.           )

**ORDER DENYING RECONSIDERATION OF AND SUPPLEMENT TO
COMPLAINT AND DENYING ENTRY OF DEFAULT**

On October 28, 2025, the Court screened Plaintiff William Ross's complaint and determined that he had adequately stated a claim for damages against the Indiana Department of Correction ("IDOC") and for injunctive relief against the Warden of Wabash Valley Correction under the Rehabilitation Act ("RA"). Dkt. 12 at 7-8. Although Mr. Ross attempted to raise due process claims, the Court found that he had not adequately stated any such claims, which appeared to be based on denials of grievances related to his disability accommodation requests. *Id.* at 5. Mr. Ross has filed a motion to reconsider the screening order to be allowed to proceed with due process claims, dkt. 15, and a motion to supplement his complaint related to the purported due process claims, dkt. 16. For the reasons below, those motions are **DENIED**. The Court also **DENIES** Mr. Ross's motion for entry of default, dkt. 22, and his motion to strike Defendants' response to that motion, dkt. 25.

1

## I. Denial of Reconsideration of and Supplement to Complaint

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

Also, under Rule 54(b), of the Federal Rules of Civil Procedure, district courts may reconsider interlocutory orders at any time before final judgment. *Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018). "A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990) (citations omitted). Motions to reconsider are,

2

however, "not replays of the main event." *Dominguez v. Lynch*, 612 F. App'x 388, 390 (7th Cir. 2015) (quoting *Khan v. Holder*, 766 F.3d 689, 696 (7th Cir. 2014)). Their function is limited to correcting "manifest errors of law or fact" or presenting "newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996).

The Court concludes that upon examination of Mr. Ross's alleged due process claims, including those related to his wish to supplement his complaint to "clarify" those claims, he still has not adequately stated such a claim. Mr. Ross asserts that he should be allowed to proceed on a claim that Defendants, plus new defendants he wishes to name in his supplement to the complaint, violated his due process rights in connection with his IDOC classification because they failed to adequately take his disabilities into account in making their classification decision as to his security level and where he would be housed. He cites Indiana Code Sections 11-10-1-1 through 11-10-1-7 as creating a protectible property interest for due process purposes. However, Indiana's statutory inmate classification procedures do not create an interest that is protected by the Fourteenth Amendment's Due Process Clause. *See Kincaid v. Duckworth*, 689 F.2d 702, 704 (7th Cir. 1982) ("Under Indiana law, state prisoners have no right to be assigned any particular security classification."); *Stuck v. Aikens*, 760 F. Supp. 740, 744–45 (N.D. Ind. 1991) ("The courts of this circuit have held on several occasions that Indiana law creates no protected liberty interest in a particular custody status or classification in a confinement facility."). In light of this caselaw, the Court's original screening order declining

to allow any due process claims to proceed was not a manifest error of law or fact.

Also, to the extent Mr. Ross's motion to supplement could be construed a motion for leave to file an amended complaint,[1] "Federal Rule of Civil Procedure 15 provides that, as a general rule, a court 'should freely give leave [to amend] when justice so requires.'" *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (quoting Fed. R. Civ. P. 15(a)(2)). "The Supreme Court has interpreted [Rule 15(a)(2)] to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357–58 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). It would be futile to allow Mr. Ross to amend his complaint to add new defendants and claims, as the due process claims he wishes to pursue are legally unsound. Mr. Ross's remedies for alleged discrimination based on his disabilities lie under the RA, not the Due Process Clause.

## II. Motion for Default

When the Court screened Mr. Ross's complaint, it also issued a notice of lawsuit and request to waive service to Defendants. Dkt. 13. Unfortunately, Defendants did not respond to the first notice and request, so the Court reissued them on January 7, 2026. Dkt. 17. On January 15, 2026, Mr. Ross filed a motion for entry of default against Defendants, asserting that they failed to timely plead

---

[1] The Court reminds Mr. Ross that in the future, if he wishes to move for leave to file an amended complaint, he must attach a complete copy of a proposed amended complaint. *See* S.D. Ind. Local Rule 15-1(b). He cannot seek to supplement his complaint piecemeal.

or otherwise respond to the screening order. Dkt. 22. Defendants waived service on January 14, 2026, dkt. 21, and filed an answer on March 9, 2026, dkt. 26. Defendants also filed a motion in opposition to entry of default, dkt. 24, which Mr. Ross moved to strike, again asserting Defendants had not timely responded to service of the complaint, dkt. 25.

The Court requested wavier of service by the Defendants, under Federal Rule of Civil Procedure 4(d)(1). Thus, Defendants had (1) 30 days to return the waiver and (2) 60 days to answer the complaint. Fed. R. Civ. P. 4(d)(3). The Court issued requests for waiver of service on January 7, 2026. Sixty days from that date was Saturday, March 7, 2026. Under Federal Rule of Civil Procedure 6, the due date for the filing of an answer was extended to Monday, March 9, 2026. The Defendants' answer was filed on that date.

The Court must conserve its limited resources regarding service of process, which is why the Court routinely requests waivers of service from defendants. Defendants' answer was timely under the Federal Rules of Civil Procedure. Mr. Ross is not entitled to default judgment. *See Johnson v. Hartwell*, 690 F. App'x 412, 414 (7th Cir. 2017) (holding that default judgment request was premature where defendants had not responded to request to waive service and had not yet been served with summonses). His motion for entry of default and to strike Defendants' response to that motion are **DENIED**. Dkts. [22], [25].

5

## III. Conclusion

Mr. Ross's motions to reconsider screening and to supplement the complaint are **DENIED**. Dkts. [15], [16]. His motions for entry of default and to strike Defendants' response to that motion also are **DENIED**. Dkts. [22], [25].

The Court notes that former Wabash Valley Warden Frank Vanihel is currently a named defendant in this matter, in his official capacity only for the purposes of Mr. Ross pursuing injunctive relief under the RA. Dkt. 12 at 7. However, the current Warden of Wabash Valley is Keith Vinardi. Pursuant to Fed. R. Civ. P. 25(d), the **clerk is directed** to substitute Keith Vinardi for Frank Vanihel as a defendant on the docket.

**SO ORDERED.**

Date: 4/1/2026

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

WILLIAM E. ROSS
863230
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838

6