UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| WILLIAM E. ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00260-JPH-MJD |
| | ) | |
| INDIANA DEPARTMENT OF CORRECTIONS, KEITH VINARDI, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT**

On June 5, 2025, Plaintiff William Ross, an inmate at Wabash Valley Correctional Facility, initiated this action with a complaint that named 13 mostly anonymous defendants and alleging claims under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and the Due Process Clause of the Fourteenth Amendment. Dkt. 1. On October 28, 2025, the Court screened the complaint and determined that it did not state any due process claims or any claims for damages against any individual defendants, but that Mr. Ross could pursue injunctive relief under the RA against the Wabash Valley warden in his official capacity and a claim for damages under the RA against the Indiana Department of Correction ("IDOC"). Dkt. 12. On June 23, 2026, Mr. Ross filed a motion for leave to file a supplemental complaint. For the reasons below, that motion is **DENIED**. Dkt. [47].

## I. Background

Mr. Ross's right arm is amputated below the elbow. Dkt. 1 at 1. His original complaint alleged that he was being denied reasonable accommodations for his disability with respect to the time he was allowed to spend in the Wabash Valley law library. *Id.* at 4-6. He also alleged that he was improperly terminated from his job as a law library clerk. *Id.* at 5, 7. The complaint purported to list a total of 13 defendants, none of them identified by name but some by title, such as the Wabash Valley warden. The relief Mr. Ross sought was punitive and compensatory damages, an injunction requiring that he be given additional time in the law library for typing legal work and a keyboard specifically designed for upper extremity amputees, and that he "be accommodated with the Correct Medical and Physical Disability Classification Codes." *Id.* at 7.

When screening the complaint, the Court concluded that the only apparent due process claims Mr. Ross was attempting to raise were related to how his grievances were handled regarding his accommodation requests, but that this was insufficient to state a due process claim against any defendant. Dkt. 12 at 5. The Court next concluded that none of the individual defendants were amenable to suit under either the ADA or RA. *Id.* The Court also dismissed any claims under the ADA because they were duplicative of any claims under the RA. *Id.* at 5-6. Finally, the Court determined that Mr. Ross could, under the RA, seek

damages against the IDOC and injunctive relief against the Wabash Valley warden in his official capacity.[1]

On November 7, 2025, Mr. Ross filed his first motion to supplement his complaint, plus a motion requesting that the Court reconsider the screening order with respect to dismissal of the due process claims. Dkts. 15, 16. The motion to supplement did not include a complete proposed supplemental or amended complaint. The motion itself named five individual healthcare providers and Pendleton staffers whom Mr. Ross believed were involved in assigning him an improper disability classification and whom he wanted to add as defendants in this case. Mr. Ross asserted they were involved in a "conspiracy" to "deny Ross who is a qualified inmate with disability ADA services by denying him accurate classification coding to reflect his disabilities." Dkt. 16 at 7. The motion did not contain any specific accommodations Mr. Ross was seeking in addition to those in his original complaint, i.e. related to his law library use and access.

On April 1, 2026, the Court denied these motions. Dkt. 37. First, to the extent Mr. Ross was asserting a due process right to a certain disability classification, the Court noted that there was not such a right under law. *Id.* at 3-4. Second, in addition to Mr. Ross not attaching a full proposed amended or supplemental complaint to his motion to supplement, the Court concluded "[i]t would be futile to allow Mr. Ross to amend his complaint to add new defendants

---

[1] Frank Vanihel was the original named defendant as Wabash Valley warden, but he has since been replaced by Keith Vinardi.

and claims" and that his "remedies for alleged discrimination based on his disabilities lie under the RA, not the Due Process Clause." *Id.* at 4.

On June 16, Mr. Ross filed an amended complaint. Dkt. 45. On June 23, he filed a motion for leave to file a supplemental complaint, with an attached proposed amended or supplemental complaint. Dkt. 47. The proposed amended or supplemental complaint lists a total of 28 named defendants, including the IDOC itself, Centurion, and numerous Wabash Valley staffers and medical personnel. Dkt. 47-2 at 1-2. It states that in addition to Mr. Ross's partially-amputated arm, he has a torn rotator cuff, a dislocated collar bone, degenerative bone disease, arthritic hips and fingers, a leaky bladder, and several mental health problems. It also lists 19 life functions that Mr. Ross allegedly has difficulty performing because of those problems, including "sleeping," "walking," "standing," "breathing," "thinking," "communicating," and "working." *Id.* at 6. Mr. Ross discusses various accommodations he believes he was improperly denied, such as not being provided with another inmate who could act as a "porter" for him, that he did not receive a special storage box that would be easier for him to use as an amputee, not receiving treatment for his PTSD, and that he was improperly classified at a "C" level for mental health purposes.

The complaint then lists 21 claims against the defendants, including among other things that they failed to provide reasonable accommodations "for the preparation and filing of legal documents"; that he "was hired and fired in violation of ADA and RA regulations"; that Dr. Samuel Byrd and Centurion have been deliberately indifferent to Mr. Ross's serious medical needs with respect to

his leaky bladder, the need for staples in his inguinal region, and his broken prosthetic arm; that Centurion has been deliberately indifferent with respect to addressing his mental health needs; and generally that various individuals have acted improperly with respect to not assigning him an appropriate disability code.

Mr. Ross indicates that he now seeks the following relief: under "Housing," he requests that he be placed in a particular cell that is adjacent to a handicap-accessible shower, that the cell be painted in a particular way, and that he be provided with "a helper/aid of his choice." *Id.* at 23. Under "Programs," he requests "accommodations to pursue a doctorate or master of divinity and a bachelor in paralegal studies;" that he be given back his job as a library clerk, subject to him requiring accommodations for his mental health; and that he be provided with a laptop computer to use in his cell. *Id.* Under "Services," he requests that all of his healthcare be provided at a VA hospital, plus his original request that he be given extra time in the law library and a specialized keyboard and mouse. *Id.* at 24.

On September 16, the Court denied Mr. Ross's preliminary injunction motion, which had sought immediate implementation of his requests for additional time in the law library and provision of a specialized keyboard. Dkt. 65.

## II. Discussion

Rule 15(d) of the Federal Rules of Civil Procedure provides: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a

supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). In other words, this Rule is a mechanism for "bringing the case up to date." *Saint Anthony Hosp. v. Whitehorn*, 132 F.4th 962, 979 (7th Cir. 2025) (citing 6A Fed. Prac. & Proc. Civ. § 1504 § 1504 Supplemental Pleadings—In General). "The district court has 'substantial discretion' to permit or deny leave to amend or supplement." *Paragon Component Sys., LLC v. Qualtim, Inc.*, No. 25-CV-170-WMC, 2026 WL 1759274, at *3 (W.D. Wis. June 18, 2026) (citing cases). The Court may consider, among other things, whether the facts alleged in the supplemental complaint are sufficiently related to the original complaint and whether the moving party unduly delayed the motion. *Id.*

Here, Mr. Ross's proposed amended or supplemental complaint would vastly expand the scope of this lawsuit. Originally, it was focused on Mr. Ross's desire to receive certain accommodations for his physical disability—his partially amputated arm—with respect to his law library access. Now, Mr. Ross lists numerous additional alleged disabilities—physical and mental—and alleged impacts that go far beyond his ability to perform legal research and draft documents. He seeks numerous additional accommodations beyond law library access, including placement in a specific cell, being given a helper of his choice, that he have access to certain educational programming, and that he receive medical care at a VA hospital. Moreover, an amended or supplemental complaint such as Mr. Ross proposes would add unrelated claims against many new

defendants, which would be inappropriate under Federal Rules of Civil Procedure 18 and 20. *See Estrada v. Reed*, 346 F. App'x 87, 89–90 (7th Cir. 2009).

In short, it would not be appropriate to allow Mr. Ross to now add a wide variety of allegations, claims, and defendants that were not mentioned in and are insufficiently related to his original complaint.

### III. Conclusion

Mr. Ross's motion for leave to file an amended or supplemental complaint is **DENIED**. Dkt. [47]. This Order is without prejudice to Mr. Ross filing a new, separate lawsuit if he wishes, regarding the claims that will not proceed in this case, subject to the filing fee and screening requirements of the Prison Litigation Reform Act. The motions at dockets 69 and 70 remain under advisement.

**SO ORDERED.**

Date: 10/9/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

WILLIAM E. ROSS
863230
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only